NATHANIEL BLAKE versus HANNAH W. PARLIN.

22 395
97 574

An action cannot be maintained upon a *special verbal agreement* to pay rent for real estate.

Where an agreement to pay rent is but collateral to a prior promise of another to pay the same rent, such agreement is void unless it be in writing.

An erroneous decision of an immaterial point by a District Judge, is no sufficient cause for grating a new trial.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

The form of the action, and general bearing of the testi-mony appear in the opinion of the Court. Thaxter, a wit-ness called by the plaintiff, went with him to the house, and states the conversation thus. " Capt. Blake told the defendant

she must be accountable for the rent. She replied, George always pays his rent, to which the plaintiff made answer, they should not have the house unless she would see the rent was paid and she agreed to do it. The rent agreed upon was $60, per annum. This conversation was at the house when they were about moving into it, had then moved but a few things in." George I. Parlin, son of defendant and called by her, testified, that he saw the plaintiff, and "asked him if he had a house to rent, plaintiff said he had, told where it was, and that it was at the rate of $60, per annum. He asked who I was, and I told him, and he asked of whom I had hired before, and I told him. Blake told witness to come down the next afternoon, and he would give him an answer. Witness went and Blake told him he had inquired about him, and he might have the house and move in any time he had a mind to and that he moved in the next day. He agreed to pay rent at $60, per anum, to be paid quarterly, had no lease, and the plaintiff required no security. Did not hear the conversation with the defendant and knew nothing of it."

The plaintiff's counsel contended, that there was an original undertaking by the defendant to be responsible for the rent; and if that was not the case, that if the defendant agreed to be responsible for the rent, when only part of the furniture was moved in by the occupants, the defendant was responsible in this action, there being no written lease of the property by Blake.

The Judge instructed the jury otherwise, and ruled that unless there was an original undertaking by the defendant to pay the rent, the plaintiff could not recover; that if George I. Parlin made the original bargain and entered into possession under it, and the credit was given to him, he was tenant at will, and would be entitled to three months notice to quit, and that the plaintiff could not then put an end to the arrangement at once; and that if he had taken possession of the house and begun to move in his furniture, at the time of the conversation testified to by Thaxter, they would judge whether the promise of the defendant to pay the rent was an original

or collateral promise, and if collateral, the plaintiff could not maintain his action.

The verdict was for the defendant, and the plaintiff filed exceptions.

*Codman & Fox* argued for the plaintiff, citing *Ellis* v. *Paige*, 1 Pick. 43, and *Davis* v. *Thompson*, 1 Shepl. 215.

*Howard & Osgood* argued for the defendant, and cited 8 Johns. R. 23 ; 13 Wend. 114 ; *Tileston* v. *Nettleton*, 6 Pick. 509 ; *Cahill* v. *Bigelow*, 18 Pick. 369 ; *Stone* v. *Symmes*, ib. 467.

The opinion of the Court was by

WHITMAN C. J. — This is an action of assumpsit, in which the plaintiff counts upon a special agreement, on the part of the defendant, to pay rent for a certain dwellinghouse, owned by the plaintiff; and also upon a general indebtedness for the rent of the same tenement. The cause comes before us upon exceptions taken to the instructions to the jury, upon the trial in the District Court. The evidence detailed in the exceptions tended to show, that the son of the defendant had hired the house, and that she lived in the family with him ; that, while he was moving his furniture into the house, the plaintiff called upon the defendant, and told her they should not go in, unless she would be accountable for the rent; that she, after some hesitation, finally promised, verbally, to see the rent paid. From the manner in which the cause was put to the jury it is manifest, that they must have found, that the son was the lessee, and that the defendant's promise was but collateral to his undertaking to pay rent. This being but a parol promise to pay the debt of another, and not in writing, was void under the statute of frauds. *Cahill* v. *Bigelow*, 18 Pick. 369.

And if the evidence had tended to show, that the defendant was the lessee of the plaintiff, no recovery against her could be had upon any special verbal agreement to pay rent. The statute in force at the time of the alleged agreement, provided, that no action should be maintained "upon any contract for the sale of lands, tenements or hereditaments, or any interest

in, or concerning the same, unless the agreement, upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith." All verbal demises, therefore, create but tenancies at will. *Ellis* v. *Paige & al.* 1 Pick. 43.

If the defendant could have been proved to have been the lessee and tenant at will, and had actually enjoyed the use of the tenement for a length of time, an action for use and occupation might have been sustained against her to recover a reasonable amount of rent therefor. But the evidence fell, evidently, very far short of proving any such tenancy. It may be that the Judge erred, and probably he did, in saying, that the son, at the time of the demise, was entitled to three months notice to quit. As the law then stood, no such notice was necessary to give the lessor a right to resume possession. *Davis & al.* v. *Thomson,* 1 Shepl. 209. But the remark was immaterial. The cause having been decided as it evidently must be, if a new trial were granted, the exceptions are overruled, and judgment on the verdict is affirmed.